MEMORANDUM **
Tina Van Sickle appeals the district court’s grant of summary judgment in favor of the Commissioner of Social Security (“Commissioner”) in Van Sickle’s action challenging denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for calculation of benefits. Because the factual and proce *741 dural background is familiar to the parties, we do not recount it here.
We review de novo the district court's order upholding denial of social security benefits. Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir.2003). We uphold the Commissioner's disability determination unless it contains legal error or is not supported by substantial evidence. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir.2007).
Van Sickle contends that the administrative law judge's ("AU") residual functional capacity ("RFC") finding was inconsistent with the opinions of examining psychologist Brent Geary, Ph.D., and non-examining reviewing state medical consultant Jocelyn Fuller, Ph.D. She also contends that the AU failed to give sufficient reasons for rejecting those opinions. We agree.
Both Dr. Geary and Dr. Fuller reported moderate mental limitations, and Dr. Fuller opined that Van Sickle could work "in a low stress setting." The AU found that the medical opinions of the "consulting physicians and state agency medical consultants" were "highly probative." Indeed, the opinions of the two doctors were consistent with each other, were uncontroverted by other sources, and comprised the sole medical opinion evidence regarding Van Sickle's mental limitations. The AU, however, neither included these limitations in his RFC nor explained why he rejected them, as he was required to do. See Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir.2006) (stating that the Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining doctor and specific and legitimate reasons that are supported by substantial evidence in the record for rejecting the opinion of the examining doctor if it is contradicted by another doctor) (citing Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir.1995)).[1]
Moreover, the AU only briefly summarized Dr. Geary's opinion and did not even mention Dr. Fuller's opinion. Although the AU "need not discuss all evidence presented to [him,]" he "must explain why `significant probative evidence has been rejected.'" Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir.1984) (quoting Cotter v. Harris, 642 F.2d 700, 706 (3d Cir.1981)) (emphasis in original); see also Social Security Ruling 96-6p, 1996 WL 374180, *2 (S.S.A.1996) (stating that AU "may not ignore" the opinions of state agency medical consultants "and must explain the weight given to the opinions in their decisions"). Accordingly, we conclude the AU erred in failing to include in his RFC the limitations identified by Dr. Geary and Dr. Fuller.[2]
We also conclude that remand for calculation of benefits is appropriate because the vocational expert's testimony establishes that had the limitations identified *742 by Dr. Geary and Dr. Fuller been adopted, a hypothetical individual with Van Sickle’s RFC would not have been capable of performing any of the jobs the ALJ identified at Step 5. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir.1996) (holding that remand for an award of benefits is appropriate “where (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were [the] evidence credited”).
We therefore reverse the judgment of the district court and remand with directions that the district court reverse the Commissioner’s denial of benefits and remand for the calculation and payment of benefits.
REVERSED and REMANDED.

. The dissent takes the position that the AU's RFC was "based on-and consistent with-the assessments of Drs. Fuller and Geary," noting that the ALl recognized "mild to moderate" mental limitations. Diss. at 1, 2. The ALl's RPC, however, did not include these moderate limitations or the "low stress" requirement Dr. Fuller identified, and thus was not consistent with the doctors' assessments.
To the extent the dissent is correct that the ALl accepted the doctors' findings, the ALl was required to include them in his RFC. See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir.1989) (holding that hypothetical questions the ALl poses to the vocational expert must include all of the claimant's limitations and restrictions) (citing Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988)).

. Van Sickle also contends that the ALl erred by failing to include in his RFC the limitations that result from her headaches. Because we conclude that the AU committed reversible error with respect to his treatment of the opinions of Dr. Geary and Dr. Fuller, we need not reach this issue.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.